IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA G., | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-6676 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE            July 18, 2025

Victoria G. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted and the case is remanded solely for calculation and award of SSI.

### I.   PROCEDURAL HISTORY[2]

Plaintiff filed her SSI claim on March 27, 2013. Pl. Br. at 2. It was denied; hence, she requested a hearing before an administrative law judge. *Id.* A hearing was held before Susan S. Straus, an administrative law judge ("ALJ Straus"), on November 19, 2014. *Id.* ALJ Straus denied relief, on January 5, 2015; Plaintiff sought review from the Social Security Appeals Council, which

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit and, pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

denied relief on May 18, 2016. *Id.* Plaintiff then sought judicial review in this district (Civil Action No. 16-3879); the case was remanded for a new hearing and decision, on October 4, 2018. *Id.*

A new hearing was held, on March 9, 2020; administrative law judge Margaret M. Gabel ("the ALJ") issued an unfavorable decision, on August 25, 2020. Pl. Br. at 2. On July 22, 2022, the Appeals Council declined to review the ALJ's decision. *Id.* at 3. Plaintiff against sought judicial review in this court (Civil Action No. 22-3845). The Commissioner filed a motion to remand the case; the undersigned granted the motion, on March 17, 2023. *Id.* The Appeals Council remanded the case to an ALJ. *Id.*

A third hearing was held on August 21, 2024 before the ALJ. R. 1379. Plaintiff,[3] via a Russian interpreter, and Denise D. Cordes, a vocational expert ("the VE"), testified at the hearing. *Id.* The ALJ, applying the sequential evaluation process for disability,[4] issued another unfavorable decision, on September 16, 2024. R. 1379-95. The Appeals Council declined to review the

---

[3] Plaintiff was represented by her current attorney.
[4] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

decision within 60 days, hence, Plaintiff again sought judicial review. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on July 29, 1977, was 47 years old when the ALJ rendered her decision and has no past work. R. 1393. She lives with her adult daughter. R. 1412.

B.    <u>Plaintiff's Testimony</u>

At the August 21, 2024 administrative hearing, Plaintiff testified about her limitations. She suffers from dizziness, depression, anxiety, poor concentration, and panic attacks. R. 1412-13. Plaintiff's panic attacks come at unpredictable intervals; the occur daily or only once per week. R. 1413. During a panic attack, Plaintiff has difficulty breathing, seeing, hearing, or speaking; she becomes very afraid. *Id.*

Plaintiff has no friends and only regularly sees her daughter, cousin and mother. R. 1414-15. She never shops alone, because she is afraid leave her home unescorted. R. 1416. She only leaves home to attend doctors' appointments. R. 1414. Dr. Jacobs is her current treating psychiatrist; she treats with her therapist by telephone. R. 1415.

C.    <u>Vocational Testimony</u>

The VE was asked to consider a person with no past relevant work, who could perform medium[5] work and was further limited as follows: able to perform only simple, routine tasks; make only simple decisions; tolerate occasional changes in the workplace; able to have occasional interaction with coworkers and supervisors; unable to have contact with the public; able to perform goal-oriented, rather than production-oriented tasks. R. 1418. The VE opined that such an

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

3

individual could perform the following, unskilled[6] jobs: (1) laundry worker, 78,000 positions in the national economy; (2) linen room attendant, 38,000 positions in the national economy; and (3) industrial cleaner, 1,000,000 positions in the national economy. R. 1419. If the person were limited to light[7] work, the following jobs would be available: (1) housekeeping cleaner, 180,000 positions in the national economy; (2) inspector/packager, 24,000 positions in the national economy; and (3) cafeteria attendant, 20,000 positions in the national economy. R. 1419-20. The VE opined that, if a person were off-task 15-20% of the time, they would be unable to sustain any work. R. 1420. The same would be true if the person missed two to three days of work per month. *Id.*

Plaintiff's attorney then asked the VE a series of questions, based upon limitations found by her treating psychiatrists, Drs. Bronstein and Jacobs. Given the following limitations, the VE opined the person could not sustain work: (1) needing a family member or trusted person in order to function; (2) extreme limitation in completing a normal workday or workweek without interruptions from psychological symptoms; (3) frequent inability to respond to usual work situations or to changes in a routine work setting; (4) frequent inability to perform at a consistent pace without an unreasonable number and length of rest periods; (5) frequent inability to work in close proximity to others. R. 1420-21.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since March 27, 2013, the application date (20 CFR 416.971 *et seq.*).

---

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(a).
[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

4

2. [Plaintiff] has the following severe impairments: major depressive disorder, anxiety disorder, and thyroid disorder (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except simple routine tasks; simple decisions; occasional changes in the workplace; occasional interaction with coworkers and supervisors; no direct public interaction or teamwork; and limited to jobs that are more goal-oriented than production-oriented.

5. [Plaintiff] has no past relevant work (20 CFR 416.965).

6. [Plaintiff] was born on July 29, 1977, and was 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. [Plaintiff] has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because [Plaintiff] has no past relevant work (20 CFR 416.968).

9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers that [she] can perform (20 CFR 416.969 and 416.969a).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since March 27, 2013, the date the application was filed (20 CFR 416.920(g)).

R. 1382-84, 1393-94.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or

more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff had no past relevant work, she could perform medium and light jobs that exist in the national economy and, hence, was not disabled. R. 1379-95. Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible legal error by: (1) admitting written evidence into the record without allowing Plaintiff the opportunity to cross-examine the authors of the evidence; (2) improperly rejecting the opinions of treating psychiatrist. Jeffrey Bronstein, M.D.; (3) improperly rejecting the opinions of treating psychiatrist, Dan Jacobs, D.O.; and (4) affording improper weight to the opinions of consultative examiner, Ronald Langberg, Ph.D. Pl. Br. at 6-27. Additionally, the ALJ's errors concerning Drs. Bronstein, Jacobs and Langberg caused her to improperly assess Plaintiff's residual functional capacity ("RFC"), which, in turn, causes the ALJ's decision to lack

substantial evidence. *Id.* at 27-28. The Commissioner denies Plaintiff's assertions. Resp. at 1-12.

This court finds that the ALJ committed reversible legal error when rejecting the opinions of Drs. Bronstein and Jacobs and by failing to consider whether the opinions of these physicians were entitled to controlling weight.[8] The record is fully developed, the ALJ has repeated errors committed in prior decisions with respect to Dr. Bronstein, exhibiting inexplicable disregard for the district court's 2016 order. Properly considered, the opinions of Drs. Bronstein and Jacobs constitute substantial evidence that Plaintiff is disabled. Since her claim has been pending for over 12 years, this court finds that further remand to the ALJ for a new decision would be pointless and remands the case solely for the calculation and award of SSI.

1. Dr. Bronstein

Plaintiff maintains that the ALJ failed to provide proper reasons for rejecting the November 28, 2014 opinions of Dr. Bronstein, her treating psychiatrist at the time. Pl. Br. at 8-19. When asked to consider several of the functional limitations contained in Dr. Bronstein's opinions, the VE opined that they would preclude all work.[9] R. 1421. This court finds that the ALJ failed to apply properly the applicable regulations for this pre-2017 case. Because the ALJ ignored the correct regulations, she failed to consider whether Dr. Bronstein's opinions were entitled to controlling weight, or the most significant weight. This is reversible, legal error.

Plaintiff applied for SSI on March 27, 2013. For applications filed before March 27, 2017, the appropriate regulation for weighing medical opinions was 20 C.F.R. § 416.927. Pursuant to that regulation, Dr. Bronstein's November 28, 2014 opinions would be afforded controlling

---

[8] As a result of the court's decision, it is unnecessary to address the Plaintiff's other arguments.
[9] The VE opined that Dr. Bronstein's opinions that Plaintiff was frequently unable to work in close proximity to others, perform at a consistent pace, had extreme limitation in completing a workday or workweek because of psychological limitations were disabling and had no ability to respond appropriately to routine changes in the work setting. R. 1421.

8

weight, so long as they were "well-supported by medically acceptable clinical and laboratory diagnostic findings and not inconsistent with the other substantial evidence in [the] case record." *Id.* at § 416.927(c)(2). The Commissioner has explained that a treating source opinion can be well-supported by medically acceptable clinical and laboratory diagnostic findings, even if it is not fully supported by such evidence. Social Security Ruling ("SSR") 95-2p, 1996 WL 374188, *2. Furthermore, to be not inconsistent, the opinion need not be supported by all of the other evidence in the record. *Id.*, at *3. Instead, the inquiry is on whether there is substantial evidence in the record that contradicts or conflicts with the opinion. *Id.* Finally, a well-supported treating physician opinion that is not inconsistent must be afforded controlling weight. *Id.* at *2.

When the ALJ considered the opinions of Dr. Bronstein, she failed to address the possibility of affording his opinions controlling weight, because she never mentioned that principle. R. 1391. The ALJ also failed to consider whether his opinions were well supported by appropriate clinical or laboratory findings and whether the opinions met the "not inconsistent" standard. *Id.* Instead, the ALJ's analysis reveals that she applied the new standard for evaluating medical opinions which does not allow for controlling weight and only requires an ALJ to consider explicitly whether the source supports the opinion in question and whether the opinion is consistent with other evidence in the record. *See* 20 C.F.R. § 416.920c(a), (b)(2). Hence, she committed legal error by applying the wrong regulation and refusing to consider whether Dr. Bronstein's opinions were entitled to controlling weight. This error is harmful, because the VE testified that many of Dr. Bronstein's opinions concerning Plaintiff's limitations were disabling. R. 1421.

2. Dr. Jacobs

Plaintiff also contends that the ALJ failed to provide proper reasons for rejecting the October 23, 2023 opinions of Dr. Jacobs, her treating psychiatrist at the time of the hearing. Pl.

9

Br. at 8-19. When the VE was asked to consider Dr. Jacobs' opinion that Plaintiff would miss three days of work per month, be frequently unable to work in close proximity to others and be frequently unable to perform at a consistent pace, she opined that such an individual could not work. R. 1420-21. The ALJ's treatment of Dr. Jacobs' opinions was not quite as flawed as her treatment of Dr. Bronstein's opinions because she did allude to whether Dr. Jacobs' opinions were well supported by the doctor's own clinical findings. R. 1391. This is not precisely what SSR 96-2p requires, but it is close. However, when the ALJ considered consistency, she focused on Plaintiff's activities of daily living, which she found inconsistent with Dr. Jacob's findings, but she ignored other evidence, including the opinions of Drs. Bronstein and Langberg, which were consistent with Dr. Jacobs' opinions. R. 1391. Furthermore, she simply failed to consider whether Dr. Jacobs' opinions were entitled to controlling weight. R. 1390-91. In sum, the ALJ committed legal error when failing to consider whether Dr. Jacobs' opinions were entitled to controlling weight. This error was harmful, inasmuch as the VE opined that Dr. Jacobs' more serious limitations would preclude all work. R. 1420-21.

    3. <u>Dr. Langberg</u>

Plaintiff further argues that the ALJ failed to afford sufficient weight to the June 11, 2013 opinions of Dr. Langberg, a consultative examiner. Pl. Br. at 23-27. When the VE was asked to consider Dr. Langberg's opinion that Plaintiff had marked limitation in the ability to respond to usual work settings and changes, she responded that said limitation would preclude all work. R. 1421.

Because Dr. Langberg was not a treating source, his opinions could not be afforded controlling weight. However, his opinions about Plaintiff's limitations were consistent with those of Drs. Bronstein and Jacobs, a fact which the ALJ ignored when evaluating the opinions of those

treating sources.  The significance of Dr. Langberg is that he provides support for the treating sources' opinions; the ALJ ignored his opinions, when evaluating the treating source opinions. That failure is legal error.  *See Adorno v. Shalala*, 40 F.3d 43, 38 (3d Cir. 1994) (holding that an ALJ is not free to ignore record evidence that supports a conclusion contrary to the one the ALJ reached).  Furthermore, since Dr. Langberg corroborates opinions which the VE found disabling, R. 1420-21, the ALJ's failure to consider how his opinions corroborate the opinions of Drs. Bronstein and Jacobs constitutes reversible legal error.

    4.   <u>Grant of Benefits</u>

It is permissible, under 42 U.S.C. § 405(g), to reverse and remand simply for the award of benefits.  *Bronawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357-58 (3d Cir. 2008) (citing *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984)).  This is allowed when the administrative record has been fully developed, and substantial record evidence indicates that the claimant is disabled and entitled to benefits.  *Id.* at 358 (citing *Podedworny*, 745 F.2d at 221-22).  Another factor to consider is the delay in deciding the claimant's case.  *Id.* (citing *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000)).  The Third Circuit has found a delay as short as five years to be sufficient.  *Id.*

The ALJ committed reversible legal error by refusing to evaluate whether the opinions of Plaintiff's two treating psychiatrists were entitled to controlling weight.  Those opinions will not change and the relevant record concerning them is unlikely to change.  Furthermore, had the ALJ applied the proper regulation, considered how those opinions corroborated each other as well as how Dr. Langberg's opinions corroborated the treating source's opinions, she would have identified more that substantial evidence to find that the opinions of Drs. Bronstein and Jacobs were entitled to controlling weight.  Given the VE's testimony when asked to consider their

11

opinions, Plaintiff is disabled. Plaintiff's application has been pending for over 12 years, she has endured three ALJ hearings, and two remands from the district court. There is no reason to compel Plaintiff to return to the ALJ for her to correct errors that are clear and at least one of which was highlighted by the district court in 2016. R. 539.[10] Plaintiff's case has languished long enough. An award of benefits is just in this case.

      An implementing order and order of judgment follow.

---

[10] The district court noted that, although Dr. Bronstein indicated he could not estimate the frequency of Plaintiff's absences from work, that was not a proper basis to discount his opinion that she has a serious limitation in maintaining attendance. R. 539. Despite the district court's finding, the ALJ repeated this identical rationale to discount Dr. Bronstein's opinion that Plaintiff had a serious limitation in maintaining attendance. R. 1391. The ALJ's intransigence on this point is inexplicable and reveals a lack of regard for the district court's order.